UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Antonio Robinson, | ) C/A No. 9:15-1676-BHH-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| ~~SCDC~~, | ) |
| Warden of Trenton Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

The Petitioner, Gary Antonio Robinson, proceeding pro se, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner, an inmate at the Trenton Correctional Institution of the South Carolina Department of Corrections (SCDC), files this action in forma pauperis under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147,



1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313 U.S. 342, 350 (1941)).

Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the case here.

## Discussion

Petitioner was sentenced on March 19, 2014 to a three- year sentence on a charge of assault and battery-second degree (offense date of June 23, 2013) and a concurrent three-year sentence on the charge of shoplifting/third or subsequent offense (offense date of April 3, 2013). Sentencing sheets from Aiken County indicate that Petitioner was to be given credit for 35 days time served as to the shoplifting charge and 269 days as to the assault and battery charge. See Petition, ECF No. 1 at 5; Sentencing Sheets, ECF No. 1-1 at 5-6. SCDC records indicate that Petitioner has a projected release date of October 12, 2015. See http:// public.doc.state.sc.us/scdc-public/ [Search Inmate "Gary Antonio Robinson"](last visited April 24, 2015). Petitioner claims that SCDC has failed to credit the 269 days to his sentence. His ground for habeas relief is that SCDC has allegedly illegally confined him due to his sentence being expired. Petition, ECF No. 1 at 5.

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



2

Petitioner provided documents indicating that he filed a Step 1 grievance with SCDC on March 24, 2015 concerning his jail time credit. In response, SCDC wrote that "Case Manager Arthur LeBlanc of Trenton Classification reviewed [the grievance] and provided instructions to begin the process to resolve the issue. Refer to the Warden's Response." ECF No. 1-1 at 4. Petitioner did not appeal the denial of his Step 1 grievance (by filing a Step 2 grievance) and states he did not do so because "SCDC gave [Petitioner] a[n] incorrect misleading response that induced [him] not to appeal." ECF No. 1 at 6. Thereafter Petitioner filed what he terms an "emergency grievance." This second Step 1 grievance, filed April 7, 2015, was returned to Petitioner unprocessed because it raised duplicate issues to his previous grievance and Petitioner did not sign and date the grievance. ECF No. 1-1 at 3.

In light of the fact that Petitioner filed his Petition on a § 2254 form, it is not necessary for this Court to decide whether he must proceed under 28 U.S.C. § 2241 or § 2254. Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010). But see Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) [approving of inmates proceeding under § 2241 to challenge execution of state court sentence]. The Fourth Circuit noted the split of authority in Gregory v. Coleman, No. 06–6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but does not appear to have taken a definitive stance to date.



3

This action is subject to summary dismissal because Petitioner has not exhausted his available state court remedies. South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the South Carolina Administrative Law Court (SCALC). See Al–Shabazz v. State, 527 S.E.2d 742, 750 (S.C. 2000); see also Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. Sullivan v. S.C. Dep't of Corr., 586 S.E.2d 124, 126 (S.C. 2003); Al–Shabazz, 527 S.E.2d at 750. Generally, a state prisoner's claim that he has served a valid sentence and must now be released falls within the category of administrative issues that the South Carolina Supreme Court has identified as properly raised through the prison grievance process with appeal to the SCALC. See Al–Shabazz, 527 S.E.2d at 749.

Accordingly, Petitioner's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC (requiring the filing of a Step 1 and then the filing of a Step 2 grievance if he is unsatisfied with the Step 1 response- see SCDC Policy GA-01.12) and review by the SCALC as outlined in Al–Shabazz, with appeal to the state appellate courts. Id. at 752-757 [discussing the application of the Administrative Procedures Act and the review process]; Rule 203(b)(6), SCACR; see also S.C.Code Ann. § 1–23–610(A)(1).[2]  Here, Petitioner did not

---

[2]This procedure, which applies for most credit-related and sentence-calculation issues, is in contrast to other habeas corpus issues that challenge the validity of the conviction itself and that generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. See generally S.C.Code Ann. §§ 17–27–10, et seq.; Rule 243, SCACR.



4

exhaust his SCDC remedies through the grievance process, did not appeal any negative decision as to the SCDC grievances to SCALC, and did not appeal any negative decision of SCALC to the South Carolina Court of Appeals.

Despite the absence of an express exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a petitioner must exhaust his state remedies before filing a federal habeas petition. See, e.g., Timms v. Johns, 627 F.3d 525, 531 n. 5 (4th Cir. 2010)[noting that "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention"]; Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490–91 (1973). For a § 2254 petitioner, the exhaustion requirement is statutory. 28 U.S.C. § 2244(d).

Also, there is no indication in the Petition that Petitioner alternatively availed himself of the option of filing an application for post-conviction relief (PCR), if such procedure is applicable in his case. The decision of the Supreme Court of South Carolina in Al-Shabazz, 527 F.2d at 749 and S.C. Code Ann. § 17-27-20(a)(5)["That his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint[.]"] permit a prisoner to exhaust a claim relating to sentence calculation through the PCR process. A request for jail time credit is cognizable in an application for post-conviction relief. See Blakeney v. State, 529 S.E.2d 9, 11 (S.C. 2000) ["Accordingly, the PCR judge properly ordered the DOC to credit respondent for time served from September 1, 1992."]. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he can file an "appeal" (petition for writ of certiorari) in that post-conviction case. See S.C. Code Ann. § 17-27-100; Knight v. State, 325 S.E.2d 535, 537–38 (S.C. 1985). The United States Court



5

of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880–81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170–73 (4th Cir. 1977).

In sum, Petitioner has yet to exhaust his available state remedies as he has not exhausted his SCDC grievances with appeal to the SCALC and the South Carolina appellate courts or alternatively (if applicable) filed an application for post-conviction relief with an "appeal" (petition for writ of certiorari) in a post-conviction case. This Court should not keep this case on its docket while Petitioner is exhausting his state court remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ["When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."]; see also Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)["[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."].

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

April 28, 2015  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

6

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7